IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RASHAWN A. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV467 |
| | ) | |
| OFFICER RICKER, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff lists seven persons as Defendants, but fails to describe what each Defendant did or failed to do that allegedly violated Plaintiff's federal constitutional rights. He must state how each named Defendant allegedly violated his rights.

2. Plaintiff's claims are not clear. Plaintiff alleges that he was suddenly attacked from behind and stabbed by another inmate. There is a general duty on the part of prison officials to protect inmates from assaults by other inmates. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, not every assault gives rise to a constitutional violation on the part of prison officials. Instead, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials demonstrated deliberate indifference to the inmate's health and safety. Id. The Complaint does not contain facts establishing these things. Also, Plaintiff states at one point that Defendant L.T. Walker was the shift supervisor at the time he was stabbed and that he wants to bring a negligence claim. However, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under

§ 1983.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009).  Further, negligence is not enough to establish a violation of § 1983.  As stated previously, Plaintiff must demonstrate deliberate indifference, which is more than negligence.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the <u>12th</u> day of June, 2024.

>              /s/  Joe L. Webster              
> United States Magistrate Judge

2

Case 1:24-cv-00467-WO-JLW     Document 3     Filed 06/12/24     Page 2 of 2